PHILLIP A. TALBERT
United States Attorney
MICHAEL G. TIERNEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

FILED
MAY 11 2017
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

BASIL HANTASH,

Defendant.

CASE NO. 1:17 CR 00128 DAD BAM

VIOLATIONS: 18 U.S.C. § 1347(a)(1)-(a)(2) – Health Care Fraud (8 Counts); 18 U.S.C. §§ 982(a)(1) and 982(a)(7) – Criminal Forfeiture

# INDICTMENT

COUNTS ONE THROUGH EIGHT [18 U.S.C. § 1347(a)(1)-(a)(2) – Health Care Fraud]

The Grand Jury charges:

BASIL HANTASH,

defendant herein, as follows:

## I. INTRODUCTION

At all times relevant to this indictment:

1. Defendant BASIL HANTASH was a dermatologist licensed to practice by the State of California.

///

///

2. ADVANCED SKIN INSTITUTE (ASI) was a California corporation formed in 2010. ASI was located in Turlock, California, within the State and Eastern District of California. HANTASH was one of the owners of ASI and also served as ASI's Medical Director.

3. HANTASH and ASI employed one or more estheticians to perform skin treatments. The California Board of Barbering and Cosmetology, which licensed estheticians, defined their services as "beautifying the face, neck, arms, or upper body (from the shoulders up) by the use of cosmetic preparations, antiseptics, tonics, lotions, or creams." Under California law, estheticians are not allowed to perform surgeries.

4. Anthem Blue Cross (the trade name of Blue Cross of California) and Blue Shield of California (collectively, "the Insurers") were health insurance companies that provided medical benefits, items, and services to their beneficiaries. Each was therefore a health care benefit program as defined in Title 18, United States Code, Section 24(b).

5. HANTASH and ASI were each enrolled providers with each of the Insurers.

6. Medical providers like HANTASH and ASI and health care benefit programs like the Insurers use a standardized set of five-digit numbers, known as CPT codes, in order to describe the various procedures that providers perform on patients (the beneficiaries of the health care benefit programs). Virtually every medical procedure has its own CPT code.

7. To receive reimbursement for a covered medical service from a health care benefit program, HANTASH and ASI were required to submit claim forms to the Insurers containing required documentation, including the CPT code.

8. HANTASH and ASI were also required to comply with the terms of their contracts with the Insurers and the Insurers' payment rules and policies. These contracts and payment rules required that HANTASH and ASI bill only for services actually performed, and that the services were medically necessary. They also required that HANTASH and ASI preserve medical records that substantiated the procedures billed, and to provide such records on request to the Insurers.

II. BILLING REQUIREMENTS RELATED TO ACNE SURGERIES

9. One of the procedures dermatologists may provide to patients with acne is known as an acne surgery (CPT Code 10040). In an acne surgery, a doctor uses a sharp blade to cut into the skin at

the site of a lesion (such as a cyst or pustule), in order to let out fluid. The doctor then removes or encloses the lesion.

10. The Insurers' policies allowed providers, including HANTASH and ASI, to obtain reimbursement for performing medically necessary acne surgeries under the 10040 CPT code.

11. In contrast, the Insurers had more restrictive rules regarding a procedure known as a "chemical peel," and also for a procedure known as a "microdermabrasion." A chemical peel involves placement of a chemical solution on a patient's skin that removes damaged outer layers of skin to bring out healthier skin underneath. A microdermabrasion involves a machine that essentially sands off the top layer of skin to achieve a similar result. Microdermabrasions are sometimes performed in combination with a chemical solution. Because these procedures are often cosmetic in nature, the Insurers would either not pay for the services or would pay only in certain circumstances.

12. The Insurers prohibited the providers they worked with, including HANTASH and ASI, from submitting claims for acne surgery under Code 10040 when the actual service performed was a microdermabrasion or chemical peel.

III. <u>SCHEME TO DEFRAUD</u>

13. Beginning on a date unknown to the Grand Jury but no later than in or about January 2011, and continuing until in or about April 30, 2016, in the State and Eastern District of California, and elsewhere, defendant HANTASH devised a scheme and artifice to defraud health care benefit programs, including the Insurers, by submitting and causing to be submitted to them claims for payment for acne surgeries (CPT Code 10040), which HANTASH and ASI purported to have rendered to their beneficiaries, when in fact, at HANTASH's direction, individuals (primarily estheticians) at ASI had performed only microdermabrasions and chemical peels for the beneficiaries, and had not performed acne surgeries. By submitting fraudulent claims for acne surgeries, HANTASH obtained and attempted to obtain money to which he was not entitled. It was a further part of the scheme for defendant HANTASH to obtain and attempt to obtain, and cause ASI to obtain and attempt to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody or control of health care benefit programs, including the Insurers, by submitting materially false and misleading claims indicating that personnel at ASI had performed acne surgeries on

beneficiaries when they had not, and by maintaining and submitting to Insurers medical records containing false and materially misleading statements and representations regarding the procedures performed by individuals at ASI

14. In furtherance of the scheme, in approximately March 2014, HANTASH and ASI submitted to Anthem Blue Cross a set of falsified medical records in response to an Anthem audit request. The records falsely claimed that HANTASH and ASI had performed acne surgeries on certain patients by using surgical blades. In fact, the patients had only received microdermabrasions or chemical peels.

15. From January 2011 to April 21, 2016, HANTASH caused to be submitted claims to Anthem Blue Cross seeking $1,216,683 for performing acne surgeries. Anthem Blue Cross paid HANTASH and ASI approximately $147,858 for these claims. Hantash caused to be submitted claims to Blue Shield of California seeking $645,006 for performing acne surgeries. Blue Shield paid HANTASH and ASI approximately $81,515.

16. On or about the dates set forth below, in the Eastern District of California, HANTASH knowingly and willfully executed and attempted to execute the scheme and artifice to defraud the Insurers in connection with the delivery of and payment for health care benefits, items, and services, and to obtain, and cause ASI to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody or control of the Insurers, by submitting and causing to be submitted to the Insurers materially false claims for reimbursement for acne surgeries, and creating and submitting to Insurers false entries in medical records claiming to have performed acne surgeries, when as HANTASH well and truly knew, neither he nor any other individual at ASI had in fact performed acne surgeries for the beneficiaries listed below on the indicated date of service:

///

///

///

///

///

| COUNT | Patient Initials | Date of Service | Date Claim Submitted | Claim Number | Date Claim Paid | Insurer |
|---|---|---|---|---|---|---|
| 1 | K.V. | 06/27/13 | 07/25/13 | 13206CE2153 | 08/06/13 | Anthem |
| 2 | K.V. | 06/05/13 | 06/11/13 | 13162CF0791 | 06/11/13 | Anthem |
| 3 | K.V. | 05/17/13 | 06/05/13 | 13156CD2421 | 06/06/13 | Anthem |
| 4 | S.G. | 05/23/13 | 06/11/13 | 13162CF0767 | 06/11/13 | Anthem |
| 5 | S.G. | 06/06/13 | 06/20/13 | 13171CC6420 | 06/21/13 | Anthem |
| 6 | A.H. | 10/09/15 | 10/19/15 | 15292CL3907 | 10/20/15 | Anthem |
| 7 | C.S. | 10/12/15 | 10/27/15 | 000152501583400 | 10/28/15 | Blue Shield |
| 8 | A.N. | 10/16/15 | 10/27/15 | 000152496406400 | 10/27/15 | Blue Shield |

All in violation of Title 18, United States Code, Section 1347(a)(1)-(a)(2).

FORFEITURE ALLEGATION: [18 U.S.C. §§ 982(a)(1) and 982(a)(7) - Criminal Forfeiture]

17. The allegations contained in Counts One through Eight are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(1) and 982(a)(7).

18. Upon conviction of the offenses alleged in Count One through Eight of this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(1) and 982(a)(7), any property, real or personal, involved in such offense, or any property traceable to such property, and property that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, including but not limited to, the following property:

a. Approximately $524,216.00 seized from Vanguard Marketing Corporation account number 71922938, held in the name of Basil M. Hantash, and

b. Approximately $163,367.17 seized from Vanguard Marketing Corporation account number 71922938, held in the name of Basil M. Hantash.

19. If any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of any other property of the defendants, up to the value of the property subject to forfeiture, including but not limited to a personal forfeiture money judgment, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL.

/s/ Signature on file w/AUSA

FOREPERSON

PHILLIP A. TALBERT
Acting United States Attorney

By KIRK E. SHERRIFF

KIRK E. SHERRIFF
Assistant U.S. Attorney
Chief, Fresno Office